```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MARTHA L. CAIN,

    Plaintiff,

v.                                    Civil Action No. 5:10CV33
                                            (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.   <u>Procedural History</u>

    The plaintiff, Martha L. Cain, filed an application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since January 31, 2006 because of balance problems, amputated toes, circulation problems, constant pain in foot and legs, and swelling in legs and feet.

    The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on November 20, 2008, before Administrative Law Judge ("ALJ") Randall W. Moon. The plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") Lawrence Ostrowski. On April 16, 2009, the ALJ issued a decision finding that the plaintiff had the following severe impairments: diabetes mellitus, status post blood clot with amputation of toes, and obesity. The ALJ found that none

of the impairments or combinations of impairments met the criteria for the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not entitled to DIB. The ALJ found that the plaintiff has the residual functional capacity ("RFC") to perform light work, lifting and carrying twenty pounds occasionally and ten pounds frequently. He also found that the plaintiff can stand or walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday. In addition, the ALJ found that the plaintiff could occasionally stoop, kneel, crouch, and climb ramps or stairs, but cannot use lower extremities for foot controls. He further found that she cannot balance, crawl, climb ladders, ropes, or scaffolds, or be exposed to hazards such as dangerous and moving machinery or unprotected heights. Finally, he found that the plaintiff must work in a controlled environment free of long periods in cold temperatures, with no atmosphere of high fumes, odors, dust, and or smoke. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On September 10, 2010, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections to which the defendant responded.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. <u>Discussion</u>

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred because he (1) improperly assessed the plaintiff's credibility in evaluation of her symptoms, particularly her symptoms of pain, and relied on less than substantial evidence to support his finding; and (2) he failed to properly weigh conflicting medical opinions and misstated the record in rejecting a treating source opinion. The Commissioner contends that: (1) substantial evidence supports the ALJ's finding that the plaintiff's subjective complaints were not fully credible and (2) substantial evidence supports the ALJ's evaluation of the opinion of Peggy Ferguson, the Certified Nurse Practitioner. The plaintiff filed a response to the defendant's motion for summary judgment in which she states that her description of her daily activities does not conflict with her testimony, the ALJ's credibility finding fails to recognize or address the factors supporting the plaintiff's allegations, and that the ALJ incorrectly weighed conflicting medical opinions based on reasoning that lacks substantial support in the medical evidence of record.

Magistrate Judge Joel issued a report and recommendation, in which he held that: (1) substantial evidence supports the ALJ's credibility decision and (2) substantial evidence supports the ALJ's decision to reject CFNP Ferguson's evaluation. As to the

4

first finding, Magistrate Judge Joel found that substantial evidence supported the ALJ's credibility conclusion because it is adequately supported by the treatment records of Doctor Daniel Wilson, the findings of the State Agency physicians, the findings of the consultative physical evaluation, and the plaintiff's own testimony about her daily activities and pain levels. As to the second finding, Magistrate Judge Joel found the ALJ's decision supported by substantial evidence because the ALJ clearly stated he considered the evidence presented by Ferguson and gave specific reasons for not assigning that evidence controlling weight. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled under the Social Security Act.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation in which she disagrees with the magistrate judge's assessment of her testimony regarding her pain and reiterates that it was improper for the ALJ to have rejected Ferguson's evaluation. The defendant filed a response to the plaintiff's objections. The defendant argues that these arguments and issues have already been fully presented in this matter.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility

of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

The "determination of whether a person is disabled by pain or other symptoms is a two step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 404.1529, 416.929). The plaintiff must first show "by objective medical evidence a condition reasonably likely to cause the pain claimed." Hines v. Barnhart, 453 F.3d 559, 564 (4th Cir. 2006). If the plaintiff meets her threshold obligation, the plaintiff presents subjective evidence of "the intensity and persistence of [her] pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 95. While objective evidence is not required for the second part, objective evidence, medical or otherwise, is "crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Hines, 453 F.3d at 565 n.3. The plaintiff's allegations may not be discredited solely because there is no objective evidence to substantiate her allegations. Id. However, the allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Id.

The ALJ properly evaluated the plaintiff's credibility under this two prong standard. As stated above, the ALJ found that the plaintiff did suffer from severe impairments, though no impairment or combination of impairments was a listed impairment. Because of this finding, the ALJ could move to the second step.

In her objections to the report and recommendation, the plaintiff disputes that the ALJ's conclusion about her credibility was based on more than her daily activities. She believes that the ALJ intended her testimony to be the stand alone support for the credibility finding. The plaintiff contends that this is significant in two respects. First, she claims that the testimony evidence does not conflict with the plaintiff's specific allegations of disability. Second, she states that the ALJ did not appreciate the exact nature of her allegations.

This Court does not agree that the ALJ based the credibility decision solely on the plaintiff's testimony. ALJ Moon did specifically examine the plaintiff's daily activities. The magistrate judge correctly notes that the ALJ referred to the plaintiff's physician's notes and records. The magistrate judge is correct that these records referenced the location, duration, frequency, and intensity of the plaintiff's pain and symptoms. The ALJ noted factors identified by the plaintiff which aggravate her condition. The ALJ made references to the type, dosage, effectiveness, and side effects of any medication the plaintiff takes or has taken to alleviate pain or other symptoms. Finally,

7

the ALJ noted the treatment the plaintiff has received for relief of pain other than medication.

The plaintiff objects to the report and recommendation on the grounds that the evidence cited by the ALJ does not stand for the proposition that the plaintiff is capable of performing sustained work and that it is not clear that the ALJ considered all evidence of the plaintiff's pain. This Court does not agree. The ALJ cited the opinion of Doctor Fulvio Franyutti, who stated that the plaintiff retained the physical residual functional capacity to perform light work, standing or walking two hours in an eight-hour work day; and sitting six hours in an eight-hour work day. Doctor Franyutti believed that the plaintiff would not be limited in pushing or pulling with the upper or lower extremities and that the plaintiff could occasionally balance, stoop, kneel, and climb ramps/stairs, and could never crouch, crawl, or climb ladders/ropes/scaffolds. The ALJ also cites the opinion of Doctor Cindy Osborne that the plaintiff retained the physical residual functional capacity to perform light work with limited use of the lower extremities for foot controls, no balancing, could crouch and crawl occasionally, and restrictions opined by Doctor Franyutti. As mentioned above, the plaintiff believes that it is not clear that all evidence of her pain was considered. ALJ Moon specifically stated that "[b]ased on <u>all</u> of the evidence of record, the undersigned accepts the State Agency physicians' opinion" (emphasis added). In addition, the ALJ stated that he "added

8

additional postural and functional limitations in consideration of the evidence of record, <u>including the claimant's subjective complaints of pain</u>" (emphasis added).

The plaintiff, in her objections, emphasizes that subjective pain scales are imprecise. In his report and recommendation, the magistrate judge cited to the portion of the record where the plaintiff states that her pain on a "normal day" is a one to a two. The plaintiff states in her objections that she has a high tolerance for pain and that her pain scale "does not go up to ten." This Court notes that the transcript shows that the plaintiff stated, when asked about the worst her pain has been, that "you can't have a 10 because there's nothing that bad, but it has been to a nine." The ALJ did not reference this portion of the transcript in his decision. The credibility decision of the plaintiff clearly did not rest on this one statement by the plaintiff.

The plaintiff also objects to the finding of the magistrate judge that the ALJ properly rejected CFNP Ferguson's evaluation that the plaintiff was unable to perform sedentary work on a sustained basis. The plaintiff states that the ALJ dismissed her opinion based in part on his "mischaracterization of the record that plaintiff's pain was well controlled and that her complaints were not often mentioned." The plaintiff also states that Ferguson was the only medical opinion to evaluate the plaintiff's functional capacity following her complaints of increased foot pain.

9

This Court finds it important to note that Magistrate Judge Joel is correct in that Ferguson's report does not qualify as a medical opinion and is not entitled to controlling weight because she is not a physician, psychologist, or other acceptable medical source, as defined under current regulations. 20 C.F.R. § 404.1527(2). Nurse practitioners are included in the regulations as "other sources." 20 C.F.R. § 404.1513(d). The magistrate judge was correct in finding that Ferguson's report was not entitled to analysis under the factors set forth under 20 C.F.R. § 404.1527(d) and cannot be assigned controlling weight because it is not a medical opinion. However, the ALJ is required "to consider all relevant evidence in an individual's case record" including both acceptable medical sources and non-medical sources, such as a nurse practitioner. SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). The regulations provide that:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. In addition, when an adjudicator determines that an opinion form such a source is entitled to greater weight than a medical opinion form a treating source, the adjudicator must explain the reasons in the notice of decision . . .

Id. In this case, ALJ Moon specifically states that he considered Ferguson's statement. He also provided specific reasons for finding that Ferguson's opinion is not entitled to controlling

10

weight.  This Court agrees with the magistrate judge that because the ALJ stated that he considered Ferguson's opinion and provided specific reasons for not giving her opinion controlling weight, the ALJ's decision is supported by substantial evidence.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled is supported by substantial evidence. Accordingly, this Court finds that the ALJ's credibility decision is adequately supported not only by the plaintiff's testimony about her daily activities and pain levels, but also by the treatment records of Doctor Wilson and the findings of both the consultative physical evaluation and the state agency physicians.  Therefore, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.  Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    October 6, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE